[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO RECONSIDER
This court, by Memorandum of Decision dated February 26, 2002, ordered the plaintiff to pay child support in the amount of $51.00 per week, which was in accordance with the Child Support Guidelines based on the plaintiff's net income of $1,225.00 per week and the defendant's net income of $44.00 per week. The court also ordered the plaintiff to pay unreimbursed medical expenses for the minor child in the amount of $175.00 per month, which represented a substantial deviation downward of the Child Support Guideline calculation of $107.00 per week ($463.00 per month or 93% of unreimbursed medical payments). This order was CT Page 4683 incorporated into this court's Judgment of Dissolution dated February 7, 2002.
By motion dated March 6, 2002, the plaintiff requested this court to reconsider its orders for the reason that the social security information submitted to this court at the time of the hearing on February 7, 2002 was incorrect. Argument on this motion was presented by counsel on April 10, 2002. While plaintiff's counsel orally presented four bases for his motion to reargue during the hearing on April 10, 2002, the court will entertain only the reason set forth in his motion to reargue/reconsider: that is, the amount of social security benefits paid on behalf of the child as testified to by the defendant was incorrect.
At the time of trial, the defendant testified that the social security payments on behalf of the minor son totaled $761.00 per month. These payments are made on the earnings record of the plaintiff, who did not contest this amount at trial. By reason of the dissolution, however, the benefits to the minor son were immediately increased to $1,015.00 per month. Accordingly, the information relied upon by this court in determining its orders was erroneous. The court finds that it would be unfair and inequitable not to consider the benefit actually paid on behalf of the minor child in its orders, the payment being 33% greater than that testified.
Based on the Child Support Guidelines calculated using the corrected social security information, the plaintiff's net income[1] is $1,275.00; the defendant's net income is $44.00. Based on the Child Support Guidelines, after deducting the social security dependency benefit, the plaintiff owes ($1) in child support; his presumptive share of the unreimbursed medical expenses is 97%. The following orders are entered and incorporated into the judgment of the court, replacing the orders entered on February 26, 2002:
1) The plaintiff's obligation to pay child support is $0.
2) The plaintiff shall pay 97% of unreimbursed medical expenses on behalf of the minor son, after the defendant pays the first $100.00 annually. For purposes of this order, medical expenses shall include services provided by medical or mental health providers including physicians, hospitals, or members of their staffs for medical care, hospital care, psychological or psychiatric care, dental care including orthodonture, or opthamological care. The provisions of § 46b-64
shall apply. The defendant is ordered to submit bills for unreimbursed medical expenses to the plaintiff monthly, who shall make payment to the defendant in accordance with this order, within 30 days.[2]
CT Page 4684
____________________, J. WOLVEN